**EASTERN SAVINGS BANK, FSB, Appellant**

v.

**George PAPAGEORGE, et al., Appellees.**

No. 14–7044.

United States Court of Appeals, District of Columbia Circuit.

Oct. 9, 2015.

Alan Lee Balaran, Law Office of Alan L. Balaran, Washington, DC, for Appellant.

Laurence Allnutt Elgin, Washington, DC, for Appellees.

Before: ROGERS, BROWN, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court's March 10, 2014, order dismissing appellant's case with prejudice for failure to state a claim be **AFFIRMED.**

On July 29, 2013, appellant Eastern Savings Bank, FSB, filed a complaint in the district court raising nine claims arising out of an alleged conspiracy related to the financing of the purchase of a townhouse located in the District of Columbia. Among its claims, Eastern alleges fraud and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) based on the defendants' alleged attempts to undermine Eastern's interests in the townhouse and acquire the property for a fraction of its fair market value. The parties have been litigating their respective rights in the property for more than a decade. The district court dismissed Eastern's instant complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We affirm.

■ Eastern first challenges the dismissal of its RICO claims. To state a RICO claim, a plaintiff must adequately plead a pattern of racketeering activity. *See W. Assocs., Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 633 (D.C.Cir.2001). Eastern fails to do so. Eastern alleges that the defendants took a number of steps, primarily through baseless litigation, for the purpose of acquiring Eastern's townhouse at a reduced price. We have said that where there is a "single scheme, single injury, and few victims," it will be "virtually impossible" to state a RICO claim. *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C.Cir.1995); *see also Western Associates*, 235 F.3d at 634. Eastern's RICO claim involves a single injury, arising out of a single scheme, to at most three victims: First, Eastern's alleged harm amounts to a single set of losses from litigating the parties' property interests in the townhouse. While Eastern argues that its injuries include litigation costs, impairment to its contracts, and damage to

its reputation, this is an attempt to multiply its injuries by parsing them, because they all boil down to the effects of litigation over the townhouse. *See Western Associates*, 235 F.3d at 635. Second, the complaint sets forth a single scheme that focuses on the defendants' alleged attempt to control a single piece of property. That alleged conduct is best characterized as a "single effort" to diminish the value of Eastern's interest in the townhouse because everything that Eastern alleges the defendants did was for the alleged purpose of achieving that goal. *See id.* at 634–35. Finally, Eastern alleges at most three victims: itself and the two subsequent purchasers of the property. Eastern responds that a pattern exists because the dispute has persisted for a number of years and involves multiple alleged predicate acts. But, as we held in *Edmondson*, these two factors are insufficient to show a pattern of racketeering where the plaintiff alleges a single scheme, involving one injury, to at most a few victims. *See* 48 F.3d at 1265. Accordingly, Eastern fails to state a claim for violations of RICO or conspiracy to violate RICO.

■ Eastern also challenges the dismissal of its fraud claim. This claim fails because Eastern does not adequately plead detrimental reliance. Detrimental reliance occurs when a plaintiff "justifiably relies upon the truth of the matter misrepresented." *Va. Acad. of Clinical Psychologists v. Grp. Hospitalization & Med. Servs., Inc.*, 878 A.2d 1226, 1238 (D.C.2005) (quoting Restatement (Second) of Torts § 546 (1977)). Put simply, detrimental reliance is not the same as harm; rather, "reliance" is defined as "[d]ependence or trust by a person, [especially] when combined with action based on that dependence or trust." Black's Law Dictionary (10th ed. 2014). Most of Eastern's fraud allegations state that the defendants fraudulently acquired

judgments in their favor by misrepresenting and concealing material facts in their representations and pleadings to D.C. courts and administrative tribunals. For example, Eastern alleges that the defendants signed fabricated leases and falsely testified about their occupancy in the townhouse, for the purpose of obtaining a fraudulent judgment that would allow the defendants to possess the property and receive a cash payout. But Eastern does not say how it relied on false statements allegedly made to those judicial bodies during litigation. Thus, even if Eastern were *harmed* by defendants' alleged fraud perpetrated against the courts, Eastern does not show that it *detrimentally relied* on the defendants' allegedly fraudulent statements. *See Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 22–23 (D.C.Cir.2008) (reasoning that when a plaintiff's "only action" in response to a defendant's statement to the Patent and Trademark Office was to oppose the action there, that step "hardly suggests" the plaintiff detrimentally relied on the statement). In support of its remaining fraud allegations, Eastern does not assert that it detrimentally relied on the letters it allegedly received or that any defendant participated in the fraud allegedly perpetrated by Vasiliki Pappas in 1998.

■ Finally, Eastern argues that the district court erred in dismissing its complaint with prejudice. Eastern forfeited this challenge by failing to move to amend its complaint before or after dismissal. *See City of Harper Woods Emps.' Ret.*

*Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C.Cir. 2009) ("When a plaintiff fails to seek leave from the District Court to amend its complaint, either before or after its complaint is dismissed, it forfeits the right to seek leave to amend on appeal."). This rule applies when we affirm dismissal of the complaint, as we do here. *See id.* While we do not rigidly apply this rule, *see Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 151 (D.C.Cir.1994), Eastern fails to show that it comes within an applicable exception. Eastern also has forfeited appeal of the dismissal of its common law claims for intentional interference with contract, trespass to chattels, unjust enrichment, abuse of process, and conspiracy to defraud by failing to challenge their dismissal here. *See Schneider v. Kissinger*, 412 F.3d 190, 200 n. 1 (D.C.Cir.2005).

Because Eastern fails to state a claim upon which relief can be granted, we affirm the district court's order dismissing the complaint with prejudice.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).